IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
5:08-CV-00107

| | |
|---|---|
| PAUL DOUGLAS ABSHER JR., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>HAROLD EUGENE MARTIN, )<br>individually and in his official capacity )<br>as a Deputy of the Wilkes County Sheriff; )<br>HAROLD HARPER HARTLEY II, )<br>individually and in his official capacity )<br>as a Deputy of the Wilkes County Sheriff; )<br>GENE ALAN WYATT, )<br>individually and in his official capacity )<br>as a Deputy of the Wilkes County Sheriff; )<br>DANE C. MASTIN, )<br>individually and in his official capacity )<br>as a Sheriff of Wilkes County; )<br>ROCKY LINNIE MOORE, )<br>Wilkesboro Police Officer, Individually; )<br>BRANDON STUART STOKES, )<br>Trooper for the North Carolina State )<br>Highway Patrol, individually; )<br>JOHN DOE 1, )<br>individually and in his official capacity )<br>as a Deputy of the Wilkes County Sheriff )<br>or officer of another law enforcement )<br>agency; )<br>JOHN DOE 2, )<br>individually and in his official capacity )<br>as a Deputy of the Wilkes County Sheriff )<br>or officer of another law enforcement )<br>agency; )<br>JOHN DOE 3, )<br>individually and in his official capacity as )<br>a Deputy of the Wilkes County Sheriff; and )<br>JOHN DOE 4, )<br>individually and in his official capacity as ) | **CONSENT PROTECTIVE ORDER<br>PURSUANT TO N.C.G.S. § 153-98<br>BY DEFENDANTS MARTIN,<br>HARTLEY, WYATT AND MASTIN** |

| | |
|---|---|
| a Deputy of the Wilkes County Sheriff; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Upon the Joint Motion of Plaintiff and Defendants Martin, Hartley and Wyatt pursuant to N.C.G.S. § 153A-98, for Production of Personnel Files the Court orders as follows

1. All documents that appear to be personnel records or contents of personnel files, as defined by N.C.G.S. § 153A-98, which are produced in this matter, including, but not limited to those that pertain to the Defendants, Martin, Hartley and Wyatt, shall be deemed "Confidential Documents" within the meaning of this Order.

2. All documents which are deemed "Confidential Documents" under this Order, except those "Confidential Documents" which are specifically precluded by law from being released, will be released pursuant to the provisions of this Order.

3. Except as may be otherwise provided by further Order of the Court, documents designated as "Confidential Documents," as well as the matters contained therein, and any summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 4 below.

4. Access to or use of any documents, or any part thereof, designated as "Confidential Documents" as well as the matter contained therein, shall be limited to this case only, and only to:

    (a) The Court;

    (b) The parties, Attorneys of Record for the parties, their associates, assistants and employees;

    (c) Consultants and experts involved in the preparation of this action;

(d) Court reporters, their transcribers, assistants and employees;

(e) Deposition or trial witnesses to the extent that it is necessary to tender to such witness as an exhibit a "confidential document" in order to elicit testimony relevant to the matters at issue in this case.

5. Individuals who are permitted to review the "Confidential Documents" pursuant to Paragraph No. 4 are hereby ordered not to show, convey, or reproduce any document so designated, or parts thereof, or copies thereof, or to communicate the content thereof to any individual or entity who would not otherwise have access to said documents under the provisions of this Order.

6. Any document designated as "Confidential" and filed with the Court shall be kept by the Clerk under seal and shall be made available only to the Court and persons authorized by the terms of this Protective Order to have access thereto unless otherwise agreed to by the parties. The party filing any such "Confidential Documents" shall be responsible for designating the documents as "Confidential" and notifying the Clerk that the documents are subject to the Protective Order. A non-filing party may so notify the Clerk and request that the documents be kept under seal. Any request that the documents be kept under seal by the Court, may, upon application by a Party, be subject to review by the Court. At the conclusion of this case, all "Confidential Documents" filed with the Court under seal shall be returned to the Party producing the documents.

7. Written material consisting of, or revealing confidential information, shall be filed with the Clerk of Court in a sealed envelope or other sealed container on which shall bear the title of the action, an indication of the nature of the contents, and the word "Confidential." In the

case of Briefs, they shall not have to be filed under seal, but Exhibits containing "confidential information" shall be, unless the Parties otherwise agree.

8. In the event that any Party disagrees with another Party's designation of any document as "Confidential", then, in that event, Counsel shall first try to resolve such disputes in good faith and on an informal basis. If any Party objecting to the confidential designation of material continues to contest the designation, then that Party shall file a written Motion identifying the document or information which the objecting Party contends is not confidential, the basis for the Party's contention, and notice of that Party's intent to apply to the Court for removal of the confidential designation in the notice. This Court shall then determine the continued confidentiality of the document or information. Any document or information as to which such Motion is made shall remain designated as "Confidential" under the provisions of this Protective Order until further Order of this Court.

9. To the extent that any applicable law might require an Order of the Court prior to producing Confidential Documents due to confidentiality, this Order shall constitute such Order and the parties shall produce such Confidential Documents to the extent that they are otherwise discoverable and responsive.

10. At the conclusion of this case, any documents produced which are subject to this Consent Protective Order will be returned to the filing Party, or in the alternative, Counsel shall certify that all copies of such documents have been destroyed.

11. This Order is without prejudice to such other objections, protections, and privileges as the Parties might assert.

12. Nothing herein shall require production of documents or items which are not required to be produced by law.

This the _____ day of _____, 2009.

Signed: March 13, 2009

_____
David C. Keesler
United States Magistrate Judge

**CONSENTED TO BY**:

William L. Hill (NCSB No. 21095)
FRAZIER, HILL & FURY, R.L.L.P.
500 West Friendly Ave, Suite 100
P.O. Drawer, 1559
Greensboro, NC 27402
(336) 378-9411
whill@frazierlawnc.com
*Attorney for Defendants*
*Harold Eugene Martin,*
*Harold Harper Hartley II,*
*Gene Alan Wyatt, and Dane C. Mastin*

John N. Taylor Jr.
ROBINSON & LAWING, LLP
101 North Cherry Street, Suite 720
Winston Salem, North Carolina 27101
*Attorney for Plaintiff*

John Carl Vermitsky
3890 Vest Mill Road
Post Office Box 25226
Winston Salem, North Carolina 27103
*Attorney for Plaintiff*

Hal F. Askins
and Ashby Ray
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, North Carolina  27699-9001
*Counsel for Defendant Brandon Stuart Stokes*

H. Lee Davis
DAVIS & HAMRICK, LLP
Post Office Drawer 20039
Winston Salem, North Carolina  27120
*Counsel for Defendant Rocky L. Moore*