IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:08-CV-107-RLV-DCK

| | |
|---|---|
| PAUL DOUGLAS ABSHER JR., ) | |
| ) | |
| Plaintiff, ) | ORDER |
| v. ) | |
| ) | |
| HAROLD EUGENE MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Compel" (Document No. 47) filed by Paul D. Absher, Jr. ("Plaintiff"). The Defendants oppose the motion. A hearing was held on November 19, 2009, at which respective counsel presented oral arguments. This matter has been referred to the Magistrate Judge and is ripe for review. Having fully considered the record, including the parties' briefs (Document Nos. 47-50, 52), the undersigned will **grant in part** and **deny in part** the motion for the following reasons:

This action involves Plaintiff's claims of excessive force arising out of the Plaintiff's arrest by three Wilkes County Sheriff Deputies and one Wilkesboro Police Officer. Plaintiff also asserts a claim against the Wilkes County Sheriff for failure to adequately train and/or supervise its deputies. Plaintiff seeks an Order compelling the production of all "Use of Force Reports" prepared and filed in the Office of the Wilkes County Sheriff since 2003, including all reports prepared by or for Defendants Harold Martin, Harper Hartley, II, and Gene Wyatt.[1]

---

[1] Defendant Rocky L. Moore points out that the "Motion to Compel" refers to Defendants collectively, but is not directed at him. (Document No. 49). Moreover, all claims against Moore, individually, and in his official capacity, were resolved at mediation. (Document No. 61).

Rule 26 (b) of the Federal Rules of Civil Procedure provides in relevant part:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

Courts must strike a balance between the broad scope permitted by the civil rules and the requirement that such discovery be relevant. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (observing that the civil rules are given a "broad and liberal treatment" but that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). Discovery is not limited to matters that will be admissible at trial so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984).

Plaintiff served his First Set of Requests for Production of Documents upon the Defendants on January 5, 2009, seeking the production of "all Use of Force Reports that have been prepared by you or on your behalf during the last five (5) years and all documents that pertain to any such Report." (Request No. 22). Plaintiff has alleged a *Monell* claim and contends that the requested material is relevant to show that Sheriff Mastin allegedly allowed practices among his deputies that led to the deprivation of Plaintiff's rights. See *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978) (holding that municipalities and other local governments may be held liable under 42 U.S.C. § 1983 for deprivation of constitutional rights caused by an official policy or governmental custom).

In their Amended Responses, served on April 21, 2009, the Defendants objected to producing these reports on the basis that the request was unduly burdensome and not relevant to any claims or defenses, but nonetheless produced annual summaries that specify by category the "Use of Force

Reports" filed for each year from 2003 through 2007.

The Plaintiff served a Second Set of Requests for Production of Documents on May 19, 2009, again seeking "all Use of Force Reports on file in the Wilkes County Sheriff's Office and identified in the Use of Force Summaries as being prepared during 2003, 2004, 2005, 2006, 2007, 2008 and 2009." (Request No. 36). On June 18, 2009, the Defendants responded that the request was unduly burdensome and not relevant to the claims or defenses, but nonetheless indicated that, after identifying documents via a computer search and then expending many man-hours in a manual search through police files, it had located 139 relevant reports. Although Defendants assert that these reports comprise the majority of the requested documents, Plaintiff seeks an order compelling *"full"* compliance with his requests for documents.

The Defendants respond that the Wilkes County Sheriff's Department ("WCSO") has already substantially complied with the discovery requests. They explain that, pursuant to WCSO policy, a narrative summary regarding deputies' use of force is prepared annually. The Defendants indicate that this summary has been provided to Plaintiff. (Document No. 50, Ex. B, Mastin Aff. ¶ 7 & 8). Defendants indicate that 139 "Use of Force" reports will be provided and constitute the majority of all uses of force by WCSO deputies for the five years 2003-2007. (*Id*., Ex. A, Minton Aff. ¶13-18).

Defendants explain that the WCSO has a policy that requires deputies to complete a form whenever they have used force on a suspect. (*Id*., Ex. B, Mastin Aff. ¶ 3-5). The WCSO maintains these forms in hard copy and files them with the corresponding incident reports. In order to retrieve every conceivable document requested by Plaintiff, the WCSO would have to conduct an extremely burdensome manual hand search of over 30,000 incident reports. (*Id*., Ex. A, Minton Aff. ¶ 11 & 12). In an effort to locate the requested documents, Major Minton of WCSO queried the digital

database for the criminal charges of resisting a law enforcement officer and assault on a law enforcement officer, since these two charges would be most likely to involve the use of force. After identifying those charges, Major Minton retrieved incident numbers, from which he then can manually pull the 139 corresponding "Use of Force" reports. (*Id*. ¶13-18). He indicates that these 139 reports reflect the majority of all uses of force by WCSO deputies for the five years 2003-2007.

Plaintiff acknowledges that the requested reports are not separately indexed and are intermingled among 30,000+ incident reports, but alleges that this is not consistent with department policy. (Document No. 52, pp. 3-4). The Plaintiff cites language indicating that Use of Force reports and "any accompanying documents...will be logged, assigned a file number and filed..." (*Id*., p. 4). Although Plaintiff reads the policy to require a separate filing number for "Use of Force" reports, a plain reading of that policy language does not indicate that the policy requires a different number from the corresponding incident report and an entirely separate filing system.

Defendants point to other cases involving claims of excessive force where courts have found similar requests for "all" police reports to be unduly burdensome. *See, e.g, Bridges v. Murray*, 2009 WL 1405519 (W.D.N.C.) (finding that demand for "[a]ll documents relating to any incident in which [the deputy] has used any level of force on any persons in the course of his duties" was unduly burdensome and not relevant to excessive force claim).[2] The Defendants assert that they have substantially complied with Plaintiff's requests and that Plaintiff has already been furnished with a majority of the reports completed by the WCSO for the relevant five year period. *See, e.g., High Voltage Beverages v. The Coca-Cola Company, Inc.*, Case No. 3:08-cv-367-GCM-DLH (W.D.N.C.,

---

[2]In *Bridges*, the Court found that the requested discovery was not relevant to the claim of excessive force, although Plaintiff had argued that the requested discovery could lead to a possible *Monell* claim.

Order on September 7, 2009) (indicating that defendant would not be required to conduct further exhaustive search for documents because plaintiff had "in all probability" already received all responsive documents).

In the present case, the undersigned agrees that a review of the majority of incidents involving the use of force over a period of five (5) years should be sufficient for the Plaintiff to discern the existence of any alleged pattern or practice by the Sheriff's department. The Defendants have made a good faith effort to provide the requested documents. The burden or expense of the further proposed discovery outweighs any likely benefit. Fed.R.Civ.P. 26(b)(2)(C)(iii). To the extent Plaintiff's counsel suggested at the hearing that further discovery (i.e. one deposition of Sheriff Mastin) might be appropriate based upon review of the 139 Use of Force Reports, this request for further limited discovery is reasonable and will be allowed. In light of the approaching holiday season, respective counsel are encouraged to work cooperatively to set an agreeable time and date, if this additional limited discovery is desired.

**IT IS THEREFORE ORDERED** that the Plaintiff's "Motion to Compel" (Document No. 47) is **GRANTED** to the extent that Defendants shall furnish the 139 Use of Force Reports within ten (10) days of this Order, and is otherwise **DENIED**; Plaintiff are given leave to conduct one further deposition by January 4, 2010.

**IT IS SO ORDERED**.

Signed: November 20, 2009

David C. Keesler
United States Magistrate Judge